IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CESAR BOJORQUEZ-VILLALOBOS,

    Petitioner,

v.                                      Case No.    CV 13-728 JB/GBW
                                                                         CR 11-2022 JB

UNITED STATES OF AMERICA,

    Respondent.

**PROPOSED FINDINGS & RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. *Doc. 1*. Having reviewed the pleadings and the record before the Court, I recommend that the Court dismiss the petition as untimely.

**I.    BACKGROUND**

Petitioner Cesar Bojorquez-Villalobos filed his initial motion under 28 U.S.C. § 2255 on August 7, 2013. *Doc. 1.* He asserts that (1) his counsel was ineffective, resulting in a higher sentence than he should have received, (2) he was convicted on false charges, (3) he was unlawfully given five years supervised release, and (4) his right to equal protection was violated when he was assigned to a certain prison facility. *Id.* On August 12, 2013, this Court ordered Petitioner to show cause why his motion, which was filed beyond the one-year statute of limitations, should not be dismissed as

1

untimely. *Doc. 3*. Petitioner filed a response to the Order to Show Cause on October 15, 2013, in which he alleged that the limitations period accrued later than a year after his conviction became final, and argued that the statute of limitations should be equitably tolled. *Doc. 7*. On November 21, 2013, the Court entered an Order quashing the Order to Show Cause and ordering the United States to answer the petition. *Doc. 9*. In the order, the Court rejected Petitioner's argument that the limitations period did not accrue until after his conviction became final, but withheld judgment on whether Petitioner's claims should be equitably tolled until after the United States had filed its answer. *Doc. 9* at 2-3.

The government answered on January 15, 2014, arguing that Petitioner's motion should be dismissed as untimely and that his motion lacked merit. *Doc. 12*. With respect to the timing issue, the government argued that Petitioner's motion was time-barred because it was filed more than one year after his conviction became final on or about June 19, 2013, and because Petitioner has not established a right to equitable tolling of the limitations period. *Id.* Petitioner did not reply.

## II.  LEGAL STANDARD

Petitions filed under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. "Equitable tolling of the limitations period is available 'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *United States v. Gabaldon*, 522 F.3d

2

1121, 1124 (10th Cir. 2008) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). Examples of instances indicating extraordinary circumstances include (1) when a prisoner is actually innocent, (2) when an adversary's actions or other uncontrollable circumstance prevents the prisoner from timely filing, (3) when a prisoner actively pursues judicial remedies but his pleading is defective. *Id.* (citing *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). Further, a prisoner is required to diligently pursue his federal habeas claims. *Id.*

### III.  ANALYSIS

The Court entered judgment against Petitioner on June 5, 2012, for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(b)(1)(B) and for being an alien in possession of a firearm. *Case No. 11-cr-2022-JB, doc. 57.* Because Petitioner did not appeal, his conviction became final ten days later—excluding weekends and legal holidays—on or about June 19, 2012. *See United States v. Sandoval*, 371 F. App'x 945, 948 (10th Cir. 2010). Petitioner's motion under section 2255 was therefore due on or about June 19, 2013. Petitioner filed his motion on August 7, 2013, nearly two months past that date. *Doc. 1.*

In his response to the Court's Order to Show Cause why his petition should not be dismissed as untimely, Petitioner argued (1) that the limitations period did not accrue until several months after his conviction became final, and (2) the statute of limitations should be equitably tolled because the prison took his legal papers when an

3

inmate who was assisting him was sent to segregation. *Doc. 7*. Petitioner claimed that could not have discovered the evidence to support his section 2255 motion until March or April 2013, when he received his legal papers from his attorney. *Id.* at 1. Among these papers, Petitioner found a copy of a lab report showing that Plaintiff's fingerprints had not been found on the gun allegedly belonging to him. *Id.* at 1-2.

Petitioner also argued that he was unable to timely file his motion because his legal papers were confiscated when an inmate who had been helping him with his case was sent to segregation. *Id.* at 2. Petitioner states that, when his legal papers were returned several weeks later, several documents were missing. *Id.* at 2-3. He alleges that he was required to send a letter to the court requesting a new 2255 form and claims that, by the time he received the form, the one-year statute of limitations had expired. *Id.* at 3.

In its November 21, 2013 Memorandum Opinion and Order, the Court concluded that, under *United States v. Starr*, the limitations period accrued when Petitioner's conviction became final and not when Petitioner found the fingerprint report, as he argues. *Doc 9* at 2; 275 F. App'x 788, 790 (10th Cir. 2008). Moreover, the government later submitted evidence in its answer that Petitioner was, in fact, aware of the fingerprint evidence as early as February 2012—well before Plaintiff's conviction became final. *Doc. 12*, Exs. 1, 2. Because Plaintiff had access to this report before his conviction, he is not entitled to a later accrual date based on when his attorney

4

delivered his legal papers in March or April 2013.  28 U.S.C. § 2255(f)(4) (The limitations period runs, at the latest, from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.").

As to Petitioner's allegations that the limitations period should be equitably tolled because he was deprived access to his legal papers when officials segregated an inmate who had been helping him with his section 2255 motion, the Court finds that this argument too lacks merit.  In its response, the United States cites to *United States v. Gabaldon* to contest Petitioner's assertion that he should be entitled to equitable tolling. *Doc. 12* at 5-8; 522 F.3d 1121.  Like Petitioner, the inmate in that case alleged that his legal materials had been confiscated by prison officials before his filing deadline.  *Id.* at 1123.  The Tenth Circuit concluded that the "complete confiscation of Mr. Gabaldon's legal materials just weeks before his filing deadline" constituted extraordinary circumstances, and found that the prisoner had diligently pursued his claims by requesting the return of his materials.  *Id.* at 1126.

There are several notable differences between the situation that justified equitable tolling in *Gabaldon* and the circumstances of Petitioner's case.  "Equitable tolling requires the defendant to prove both that he diligently pursued his claims, and that he was prevented from filing within the limitations period by exceptional and extraordinary circumstances beyond his control." *United States v. Oakes*, 445 F. App'x 88, 93 (10th Cir. 2011).  Petitioner has failed to establish either of these requirements.  In

5

*Gabaldon*, the inmate stated with specificity the dates that he was placed in a special housing unit without access to his legal materials and the date on which his legal papers were returned to him. 522 F.3d at 1123. Petitioner, however, provides only vague allegations, stating that "it took [him] several weeks to get [his] legal papers back" and that he requested a 2255 form, which did not arrive until after his limitations period had expired. *Doc. 7* at 2-3. Although Plaintiff claims that he is unable to recite exact dates due to his being in segregation, he neglects to provide even an approximate timeline. Further, Petitioner's case differs from that of Gabaldon because he admits that some, but not all, of his papers were returned to him before the deadline. *Id.* In contrast, Gabaldon was able to show—through his own sworn statement, the sworn statement of his cellmate, and a copy of a memorandum from a prison employee—that none of his materials were returned to him until more than a week past his limitations period. 522 F.3d at 1123. A prisoner "bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation omitted). Petitioner's vague allegations, absent further support, do not meet this burden. Plaintiff has therefore failed to establish that extraordinary circumstances existed that would merit equitable tolling.

Even assuming, *arguendo*, that Petitioner were able to show extraordinary circumstances, he would still have to demonstrate that he diligently pursued his claims. "[L]ack of access to one's own legal materials must be coupled with due diligence to

6

warrant equitable tolling." *Oakes*, 445 F. App'x at 94. A petitioner can show due diligence by making multiple requests to have his documents returned or by attempting to timely file in spite of lack of access to legal materials. *Id.* Here, Petitioner never claims that he requested the return of his legal papers; he simply states that it took "several weeks" to get them back. *Doc. 7* at 2. Nor does he state whether he ever asked the prison for the documents that were allegedly missing when his papers were returned. The only action Petitioner took was in "send[ing] another letter to the court asking for a 2255 form." *Id.* at 3. "A showing of due diligence requires more than the sending of one letter." *Oakes*, 445 F. App'x at 94. For the foregoing reasons, Petitioner has failed to establish due diligence, and is therefore not entitled to equitable tolling of the statute of limitations.

### III.  CONCLUSION

Petitioner has failed to demonstrate that his Motion for Relief under 28 U.S.C. § 2255 is timely. Consequently, I recommend that the Court DENY Petitioner's Motion (*doc. 1*) as untimely and dismiss this case with prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**