IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CESAR BOJORQUEZ-VILLALOBOS,

    Petitioner,

v.                                           Case No.     CV 13-728 JB/GBW
                                                                                    CR 11-2022 JB

UNITED STATES OF AMERICA,

    Respondent.

**SECOND PROPOSED FINDINGS & RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (*doc. 1*), and Petitioner's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 22*). I have reviewed Petitioner's objections concerning the timeliness of his petition, and they appear to have merit. I will therefore proceed to consider the merits of his petition. Having reviewed the pleadings and records before the Court, and being otherwise fully advised, I recommend that the Court dismiss the petition with prejudice.

**I.**     **BACKGROUND**

On July 11, 2011, Petitioner Cesar Bojorquez-Villalobos was charged with possession of a firearm by an alien illegally or unlawfully in the United States. *Case No.*

*11-cr-2022-JB* [hereinafter *"Underlying Case"*]*, doc. 1.* On August 24, 2011, a grand jury returned a superseding indictment charging Petitioner with conspiracy to distribute methamphetamine, distribution of methamphetamine, possession of a firearm in furtherance of a drug trafficking crime, and being an alien in possession of a firearm. *Underlying Case, docs. 24, 25.* Petitioner consented to plea before a Magistrate Judge on December 6, 2011. *Id., doc. 43.* He pled guilty to conspiracy and to being an alien in possession of a firearm. *Id., doc. 43.* The Court later dismissed the two remaining counts. *Id., doc. 53.* Petitioner was sentenced on May 14, 2012, and judgment was entered against him on June 5, 2012. *Id., docs. 52, 57.* Petitioner did not file an appeal.

Petitioner Cesar Bojorquez-Villalobos filed his initial motion under 28 U.S.C. § 2255 on August 7, 2013. *Doc. 1.* He argued that (1) his counsel was ineffective, resulting in a higher sentence than he should have received, (2) he was convicted on false charges, (3) he was unlawfully given five years supervised release, and (4) his right to equal protection was violated when he was assigned to a certain prison facility. *Id.*

The undersigned filed Proposed Findings and Recommended Disposition (PFRD) on May 15, 2014, recommending that the Court dismiss Petitioner's Motion with prejudice because he failed to bring his action within the one-year statute of limitations. *Doc. 16*. The undersigned concluded that the limitations period should not be equitably tolled because Petitioner failed to show that he "diligently pursued his claims" or that he "was prevented from filing within the limitations period by exceptional and

extraordinary circumstances beyond his control." *United States v. Oakes*, 445 F. App'x 88, 92 (10th Cir. 2011).

After being granted an extension, Petitioner filed objections on July 2, 2014. *Doc. 22*. In his objections, Petitioner alleges several additional facts to support his position that the confiscation of his materials qualified as "extraordinary circumstances," and that he was diligent in pursuing his claims. In particular, he alleges that he is illiterate, and therefore needed the help of another inmate to complete his petition; that the petition was already complete when confiscated; and that he immediately and persistently requested the return of his legal papers. *See generally doc. 22*. Because Petitioner's objections, taken as true, appear to justify equitable tolling, I will proceed to consider the merits of his claims.

II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner who "claim[s] the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Relief is available under § 2255 only if "the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*,

3

442 U.S. 178, 185 (1979) (internal quotation marks and citation omitted). The court must presume "that the proceedings leading to the conviction were correct"; the burden is on the petitioner to demonstrate otherwise. *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989) (citing *United States v. Morgan*, 346 U.S. 502, 512 (1954)).

When evaluating the pleadings of a party proceeding *pro se*, a court must liberally construe them and should hold them to a less stringent standard than would be applied to the pleadings of a represented party. *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991). A court is not required, however, to assume the role of advocate for the *pro se* litigant. *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993).

### III.  PETITIONER'S CLAIMS

In his petition, Petitioner raises the following four claims:

1. Ineffective assistance of counsel for failing to conduct an appropriate investigation;
2. Petitioner was "convicted with false charges, possession of a firearm";
3. The sentencing judge violated the guidelines by imposing five years of supervised release; and
4. Equal protection violation based on his "segregation . . . to a second rate and contract facilities . . . ."

Respondent argues that Petitioner is not entitled to relief on any of the above claims. Respondent contends that petitioners second and third grounds for relief are procedurally barred, that his first ground for relief fails because Petitioner has not established that his counsel's conduct was constitutionally deficient or caused him prejudice, and that the Court lacks jurisdiction to consider his fourth ground for relief under 28 U.S.C. § 2255.

IV. ANALYSIS

### A. Grounds Two and Three – Conviction on False Charges and Sentencing Error

In Grounds Two and Three of his petition, Petitioner contends that he "was convicted with false charges" (i.e. that he was innocent of possessing a firearm), and that the Court improperly imposed five years of supervised release. *Doc. 1* at 5, 7.

Respondent counters that these claims "must be dismissed because they are procedurally barred" due to the fact that Petitioner did not appeal these matters through a direct appeal. *Doc. 12* at 9. A failure to raise a claim by direct appeal is a procedural default that cannot be revived in a collateral proceeding. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Frady*, 456 U.S. 152, 165 (1982) ("we have long and consistently affirmed that a collateral challenge may not do service for an appeal"); *United States v. Walling*, 982 F.2d 447, 448 (10th Cir. 1992) ("§ 2255 is not available to test the legality of matters which should have been raised on appeal"). The

fact that Petitioner's failure to appeal may have been the result of his waiver of appeal rights in his plea agreement does not change the result. *See* BRIAN R. MEANS, FEDERAL HABEAS PRACTITIONER GUIDE 2006/2007, Jurisdiction ¶ 1.23.0 (2006) ("Where the petitioner only waives the right to appeal, he is not precluded from filing a petition for collateral review.  But he is precluded from raising claims that are the sort that *could have* been raised on appeal.") (emphasis in original) (internal citations omitted), *cited with approval in United States v. Linder*, 552 F.3d 391, 396-97 (4th Cir. 2009); *see also United States v. Walter*, 223 F. App'x 810, 811 (10th Cir. 2007).  Petitioner's attack on his conviction and sentence expressed in Grounds Two and Three could have been raised on appeal.  Thus, they are subject to procedural bar.

"If the government raises procedural bar, the courts must enforce it and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown."  *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994).  It is the defendant's burden to establish both cause and prejudice.  *Frady*, 456 U.S. at 167.  Neither in his § 2255 motion nor in his objections does Petitioner address his procedural default as to these claims, much less meet his burden of establishing cause and prejudice or a miscarriage of justice.  Thus, I recommend these claims be denied as procedurally barred.

### B. Ground One – Ineffective Assistance of Counsel

Petitioner also claims that his counsel, Angela Arellanes, was ineffective because she "didn't conducted [sic] an appropriate investigation both factua[l] and legal to ensure that the defendant will have a fair judgement [sic] on his trial." *Doc. 1* at 4. In particular, Petitioner states that his counsel failed to inform him of a lab report indicating that Petitioner's fingerprints had not been found on the gun in question. He claims that this omission prejudiced him by allowing him to "enter a plea agre[e]ment with the gobernment [sic] without known[g] that [this] document exist[ed]." *Doc. 7* at 1-2. Respondent maintains that Petitioner's claim should be denied because he has failed to show that Ms. Arellanes's representation was constitutionally deficient or that Petitioner suffered any prejudice.[1]

It is well established that criminal defendants have a Sixth Amendment right to effective counsel during the plea process. *Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010). For a petitioner to succeed on a claim of ineffective assistance, he must demonstrate both that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 57-58

---

[1] In his plea agreement, Petitioner Bojorquez-Villalobos specifically waived his right to challenge his conviction pursuant to 28 U.S.C. § 2255, "except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver." *Underlying Case, doc. 44* at 12. However, the United States has elected not to invoke this waiver with regard to his § 2255 motion. *Doc. 12* at 4 n.3.

(1985) (applying *Strickland* to the plea process).  Where a petitioner pled guilty in the underlying criminal case, to prevail in his collateral attack, he must show both that his attorney's performance fell outside "the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.  A court "may address the performance and prejudice components in any order, but need not address both if [the defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292–93 (10th Cir. 1998).

    Petitioner has failed to show either that counsel's actions were deficient or that he was prejudiced by not knowing of the lab report at the time he pled guilty.  Petitioner pled guilty on December 6, 2011.  The lab report in question, however, was not made until two months later, on February 6, 2012.  *Doc. 12*, Ex. 1.  Because it did not exist at the time Petitioner entered into the plea agreement, his counsel could not have brought it to his attention at that time.  Therefore, her performance could not possibly have been deficient on this basis.  Further, Petitioner has not shown that he was prejudiced in any way.  To show prejudice in entering a plea agreement under *Strickland*, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Petitioner has failed to make this showing.

8

Petitioner himself affirmed, under oath, that he had possessed the gun. *See Underlying Case*, *doc. 67* at 18. He does not allege that he would not have pled guilty but for Ms. Arellanes's allegedly deficient representation. Indeed, in his request for relief, he does not ask that his conviction be vacated. Rather, he simply asks to be resentenced without the enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). Thus, he has failed to establish prejudice from the allegedly deficient representation. I recommend this claim be denied.

### C. Ground Four – Equal Protection

Finally, Petitioner alleges an equal protection violation based on the fact that "[t]he Federal Bureau of Prisons has allocated condition and segregation of prisoners under the guise of alien and assigned prisoners from other countries to a second rate and contract facilities which are controlled by private sectors." *Doc. 1* at 8. Respondent argues that the Court has no jurisdiction to entertain this claim under 28 U.S.C. § 2255 because it challenges the conditions of Petitioner's confinement. *Doc. 12* at 10.

A federal court may grant a prisoner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2255 on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a).

An action under 28 U.S.C. § 2255 is therefore intended to challenge the lawfulness of a prisoner's confinement pursuant to a final conviction in federal court. Courts have "no jurisdiction to proceed under the provisions of 28 U.S.C. § 2255 [if] the petitioner is not attacking the judgment of conviction and sentence." *Thompson v. Warden–El Reno,* 418 F. Supp. 894, 894 (W.D. Okla. 1976). Petitioner's equal protection claim is therefore inappropriate for § 2255 review, and would be more appropriately addressed via a suit under 42 U.S.C. § 1983 for violation of Petitioner's civil rights.

For the foregoing reasons, I recommend that the Court deny this claim.

V.    CONCLUSION

Petitioner has failed to demonstrate that he is entitled to relief under 28 U.S.C. § 2255. Consequently, I recommend that the Court DENY Petitioner's Motion (*doc. 1*) and dismiss this case with prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**