IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CESAR BOJORQUEZ-VILLALOBOS,

    Petitioner,

vs.                                                                          Nos. CIV 13-0728 JB/GBW
                                                                                  CR 11-2022 JB

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on: (i) Second Proposed Findings & Recommended Disposition, filed November 4, 2014 (Doc. 23)("2nd PFRD"); and (ii) Defendant/Movant Response to United States' Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. 2255, filed December 11, 2014 (Doc. 27)("2nd PFRD Objections"). The Court overrules Petitioner Cesar Bojorquez-Villalobos' objections in the 2nd PFRD Objections, adopts the 2nd PFRD, and dismisses this case with prejudice.

**PROCEDURAL BACKGROUND**

Bojorquez-Villalobos filed his petition under 28 U.S.C. § 2255 on August 7, 2013. See Motion at 1, filed August 7, 2013 (Doc. 1)("Petition").[1] He argued that: (i) his counsel was ineffective, resulting in a higher sentence than he should have received; (ii) he was convicted on false charges of possessing a firearm, resulting in an improper 2-level sentencing enhancement

---

[1] The Court will use CM/ECF's pagination -- the blue number at the top of the document -- rather than each document's internal pagination.

under U.S.S.G. §§ 2D1.1(b)(1), (iii) he was unlawfully given five years supervised release in violation of the United States Sentencing Guidelines; and (iv) his right to equal protection was violated when he was assigned to a certain prison facility.  See Petition at 2-9.

The Honorable Gregory B. Wormuth, United States Magistrate Judge for the District of New Mexico, filed his First Proposed Findings and Recommended Disposition on May 15, 2014. See Proposed Findings & Recommended Disposition, filed May 15, 2014 (Doc. 16)("1st PFRD").  In the 1st PFRD, Judge Wormuth recommended dismissing the Petition under § 2255 with prejudice, because Bojorquez-Villalobos failed to bring his action within the one-year statute of limitations.  See 1st PFRD at 3-7.  After being granted an extension, Bojorquez-Villalbos filed his objections to the 1st PFRD on July 2, 2014.  See Motion Objecting to the Findings and Recommendation to the Disposition of This Matter, filed July 2, 2014 (Doc. 22)("1st PFRD Objections").  Subsequently, Judge Wormuth issued the 2nd PFRD on November 4, 2014, which addressed the Petition's merits.  See 2nd PRFD at 4-10.

In the 2nd PFRD, Judge Wormuth recommended that the Court dismiss the Petition with prejudice.  See 2nd PRFD at 4-10.  Judge Wormuth first concluded that grounds two and three of the Petition -- that Bojorquez-Villalobos was convicted on false charges and that the sentencing judge made a sentencing error -- were procedurally barred, because Bojorquez-Villalobos did not raise them on appeal.  See 2nd PFRD at 5-6.  Next, he recommended that the Court dismiss Bojorquez-Villalobos' ineffective assistance of counsel claim (ground one), because Bojorquez-Chavez failed to show that counsel's actions prejudiced Bojorquez-Villalobos or that they fell below an objective standard of reasonableness.  See 2nd PFD at 7-9.  Finally, Judge Wormuth recommended that the Court dismiss Bojorquez-Villalobos' equal-protection claim (ground

four), because it does not attack the judgment of conviction or sentence, and therefore is not appropriate for review under 28 U.S.C. § 2255. See 2nd PFRD at 9-10.

Bojorquez-Villalbos filed the 2nd PFRD Objections on December 11, 2014. See 2nd PFRD Objections at 1. Respondent United States of America responded to the Objections on December 29, 2014, arguing, among other things, that Bojorquez-Villalobos did not directly object to any of Judge Wormuth's 2nd PFRD, but simply expanded on his original claims. See United States' Response to Defendant's Objections to Magistrate Judge's Second Report and Recommendations, filed December 29, 2014 (Doc. 28)("Response"). Bojorquez-Villalobos replied to the Response on January 29, 2015.[2] See Defendant's Response to United States' Response to Defendant's Objections to Magistrate Judge's Second Report and Recommendations, filed January 29, 2015 (Doc. 29)("Reply").

## STANDARD OF REVIEW

Once a party objects to a Magistrate Judge's proposed findings and recommendations, the Court "shall make a de novo determination of those portions . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C). Objections must be made with specificity; general or conclusory objections are insufficient. See United States v. 2121 E. 30th St., 73 F.3d 1057, 1060-61 (10th Cir. 1996). Because "the filing of objections . . . enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute," only objections that are "sufficiently specific to focus the district court's attention" on the central disputes will be considered. United States v. 2121 E. 30th St., at 1059-60. Further, "[i]ssues raised for the first

---

[2]Federal Rule of Civil Procedure 72(b), which addresses objections to a magistrate judge's findings and recommendations on prisoner petitions, permits a party to "respond to another party's objections . . . ." The Rule does not permit the objecting party to file a reply. The Court will not, however, strike this pleading. This filing simply reiterates Bojorquez-Villalobos' argument that he should not have received a 2-level sentencing enhancement, but does not address Judge Wormuth's finding in the PFRD that this claim was procedurally barred.

time in objections to the magistrate judge's recommendation are also deemed waived." <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996). <u>See also</u> <u>United States v. Garfinkle</u>, 261 F.3d 1030, 1031 (10th Cir. 2001).

## ANALYSIS

The Court will overrule Borojuez-Villalobos' objections to the 2nd PFRD. First, the Court will overrule Bojorquez-Villalobos' objections to Judge Wormuth's proposed findings and recommended disposition on ground one – ineffective assistance of counsel. Second, the Court will overrule Bojorquez-Villalobos' objection to Judge Wormuth's proposed findings and recommended disposition on ground two -- possession of a firearm. Third, the Court will overrule Bojorquez-Villalobos' objection to Judge Wormuth's proposed findings and recommended disposition regarding ineffective assistance of counsel for failing to argue against a 2-level enhancement. Consequently, the Court overrules Petitioner Cesar Bojorquez-Villalobos' objections in the 2nd PFRD Objections, adopts the 2nd PFRD, and dismisses this case with prejudice.

I. **THE COURT WILL OVERRULE BOJORQUEZ-VILLALOBOS' OBJECTIONS TO JUDGE WORMUTH'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON GROUND ONE -- INEFFECTIVE ASSISTANCE OF COUNSEL.**

In his ineffective assistance of counsel claim, Bojorquez-Villalobos alleges that his attorney was deficient, because she did not inform him of a laboratory report that indicated his fingerprints were not found on the gun in question. He contends that he was prejudiced, because he entered into a plea agreement without knowing that the laboratory report existed.

In the 2nd PFRD, Judge Wormuth concluded that Bojorquez-Villalobos had failed to show either deficient representation by his counsel or that his counsel's actions prejudiced him. First, the laboratory report was not made until two months after Bojorquez-Villalobos pled guilty

and, therefore, counsel could not have brought the report to his attention because it did not exist at that time.  Second, Bojorquez-Villalobos has not shown prejudice and had, in fact, stated under oath that he possessed the gun.

Bojorquez-Villalobos now objects that "it [i]s not legal competence for an attorney to have his/her client to plead guilty to a crime before doing an investigative check on the lab report when that 'report' is critical to the client's defense."  2nd PFRD Objections at 2.  He claims that his lawyer's actions prejudiced him, because "[h]ad [he] been represented by professional and competent counsel[, his attorney] would not [have] allowed him to plea[d] guilty until she had saw [sic] the results of the lab report . . . ."  Objections at 2.

These conclusory objections do not undermine the Judge Wormuth's proposed findings and recommended disposition.  See United States v. 2121 E. 30th St., 73 F.3d at 1060-61.  Bojorquez-Villalobos has presented no authority that would support a finding that counsel's actions were deficient under Strickland v. Washington, 466 U.S. 668 (1984).  The report did not exist at the time of plea.  His counsel could have reasonably worried that waiting for the report, if it had been inculpatory, could have resulted in a less generous plea offer from the United States.  Moreover, Bojorquez-Villalobos still does not contend that, "but for counsel's errors, he would not have pleaded guilty and *would have insisted on going to trial*."  Hill v. Lockhart, 474 U.S. 52, 59 (1985)(emphasis added).  Without such a claim, he cannot show prejudice.  See Hill v. Lockhart, 474 U.S. 52, 59.  Consequently, Bojorquez-Villalobos' objection is overruled.

**II.   THE COURT WILL OVERRULE BOJORQUEZ-VILLALOBOS' OBJECTION TO JUDGE WORMUTH'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON GROUND TWO -- POSSESSION OF A FIREARM.**

In Ground Two of his Petition, Bojorquez-Villalobos contends that he "was convicted with false charges," because he was innocent of possessing a firearm and should not have

received a 2-level sentencing enhancement on this basis.  In the 2nd PFRD, Judge Wormuth concluded that Bojorquez-Villalobos was procedurally barred from raising this claim because he did not raise it on direct appeal.  See 2d PFRD at 5-6.

In his 2nd PFRD Objections, Bojorquez-Villalobos asserts again that he never admitted to possessing the firearm -- only to handling it.  See 2nd PFRD Objections at 2.  He states that he did not admit to possessing it for his use or protection, or to having constructive control over the firearm.  See 2nd PFRD Objections at 2-3.  Because these "are the key elements the Government must rely on to prove that a defendant had control over a firearm," the government did not have enough evidence to support the 2-level sentencing enhancement.  2nd PFRD Objections at 3.  He contends that "[n]o evidence was presented to show that Defendant/Movant used the firearm in connection with the drug trafficking offense."  2nd PFRD Objections at 3.

The United States contends that Bojorquez-Villalobos' objection has no merit, because he does not address Judge Wormuth's proposed finding that the claim is procedurally barred.  See Response at 2-3.  The Court agrees that the claim is procedurally barred and, given that Bojorquez-Villalobos has not contested this proposed finding, his objections with respect to ground two are overruled.

**III. THE COURT WILL OVERRULE BOJORQUEZ-VILLALOBOS' OBJECTION TO JUDGE WORMUTH'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ARGUE AGAINST A 2-LEVEL ENHANCEMENT.**

Finally, Bojorquez-Villalobos contends that his counsel was ineffective for not arguing against the 2-level enhancement for possession of a firearm.  See 2nd PFRD Objections at 3.  To the extent that Bojorquez-Villalobos is attempting to raise a new claim of ineffective assistance of counsel in his objections, the United States argues that he should not be permitted to do so "at this late stage" in the litigation.  Response at 3.

The United States is correct that Bojorquez-Villalobos appears to be raising a new ineffective assistance of counsel claim. Bojorquez-Villalobos may not raise new claims for the first time in objections to a PFRD, see Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996), and the Court declines to consider Bojorquez-Villalobos' argument on this point. Bojorquez-Villalobos' objection is therefore overruled.

In conclusion, the Court, having conducted a *de novo* review of the 1st PFRD, sustains Bojorquez-Villalobos' objections thereto. The Court finds that he is entitled to equitable tolling such that his Petition is timely filed. Thus, the Court will not adopt the 1st PFRD. The Court, having conducted a *de novo* review of the matters in the 2nd PFRD to which Bojorquez-Villalobos objected, agrees with the Judge Wormuth's analysis as described above. Therefore, Bojorquez-Villalobos' objections to the 2nd PFRD, are overruled. The Court hereby adopts the 2nd PFRD, and dismisses the Petition with prejudice.

**IT IS ORDERED** that: (i) Petitioner Cesar Bojorquez-Villalobos' objections in the Motion Objecting to the Findings and Recommendation to the Disposition of This Matter, filed July 2, 2014 (Doc. 22), are sustained; (ii) the Proposed Findings & Recommended Disposition, filed May 15, 2014 (Doc. 16), is not adopted; (iii) Bojorquez-Villalobos' objections in his Defendant/Movant Response to United States' Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. 2255, filed December 11, 2014 (Doc. 27), are overruled; (iv) the Second Proposed Findings & Recommended Disposition, filed November 4, 2014 (Doc. 23), is adopted; and (v) the Motion, filed August 7, 2013 (Doc. 1), is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and party:*

Cesar Bojorquez-Villalobos
Fairton Federal Correctional Institution
Fairton, New Jersey

    *Petitioner pro se*

Damon P. Martinez
  United States Attorney
James R.W. Braun
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Respondent*